UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOM V. TRAN,

   Plaintiff,

v.              Case No. 8:16-cv-1356-T-23AEP

NGOC TRAN and DON PHAM,

   Defendants.

_____/

## REPORT AND RECOMMENDATION

   Plaintiff Thom V. Tran ("Tran") initiated this action against Defendants Ngoc Tran and Don Pham ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), Internal Revenue Code ("IRC"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Doc. 1).  After Defendants failed to timely appear, Tran moved for entry of a clerk's default (Doc. 16).  Following entry of the clerk's default, Tran sought entry of a default judgment pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure (Doc. 19). For the reasons that follow, and as detailed more fully herein, it is recommended that Tran's Motion for Default Judgment Against Defendants (Doc. 19) be granted.[1]

## I.  Background

   Tran brought this action against Defendants, who were Tran's employers[2], seeking damages for unpaid minimum wages, statutory damages, attorneys' fees, and costs (Doc. 1). According to Tran, Defendants misclassified Tran as an independent contractor during his

_____

[1] The instant motion was referred to the undersigned for issuance of a report and recommendation (Doc. 20). *See* 28 U.S.C. § 636; *see* M.D. Fla. R. 6.01.
[2] According to the Complaint, Defendant Ngoc Tran is the owner of the nail salon, Sunshine Nails, and Defendant Don Pham is a managerial employee (Doc. 1).

employment as a nail technician from September 19, 2015 through March 2, 2016 (Doc. 1). He further alleged that, as a result of the misclassification, Defendants filed a false Form 1099 for tax year 2015. Additionally, Tran alleged that Defendants did not pay him minimum wage for the hours worked in the week before March 2, 2016, when he was terminated, and that Defendants engaged in deceptive and unfair trade practices. Accordingly, Tran filed this Complaint (Doc. 1), seeking civil damages for false filing of information returns under the Internal Revenue Code ("IRC") and asserting claims for violation of the FLSA minimum wage provision and for unfair or deceptive acts and practices.

After Tran initiated this action, Defendants failed to file a responsive pleading or otherwise appear. Following the failure of Defendants to file a responsive pleading, Tran moved for entry of a clerk's default pursuant to Rule 55(a) (Doc. 16). The Clerk subsequently entered the default against Defendants (Doc. 17). By the instant motion, Tran seeks entry of a default judgment awarding $5,000 in statutory damages pursuant to 26 U.S.C. § 7434.

## II.    Legal Framework

Following entry of a default, a defendant is deemed to admit a plaintiff's well-pleaded allegations of fact, and, therefore, before entering a default judgment for damages, a district court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (citation omitted). Although a defaulted defendant is deemed to admit the well-pleaded allegations of fact, the defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citation and quotation omitted). To effectuate a default judgment under Rule 55(b), a district court may hold an evidentiary hearing to determine an appropriate amount of damages

but is not required to do so, especially where the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that, when considering whether to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *see* Fed. R. Civ. P. 55(b)(2). Notwithstanding, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). At all times, however, the decision to enter a default judgment remains within the discretion of the district court. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted).

### III. Discussion: Damages pursuant to 26 U.S.C. § 7434

As noted above, Tran seeks statutory damages against Defendants in the amount of $5,000 pursuant to 26 U.S.C. § 7434. Tran alleges that Defendants filed a false information return, with respect to payments made to Tran, in violation of 26 U.S.C. § 7434(a). Tran alleges that Defendants knowingly filed a false Form 1099 for tax year 2015. Under 26 U.S.C. § 7434(b), in any action brought under 26 U.S.C. § 7434(a), upon a finding of liability on the part of the defendant, such defendant is liable to the plaintiff in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by the plaintiff as a proximate result of the filing of the false information return, the costs of the action, and, in the court's discretion, reasonable attorney's fees. Given Tran's allegations regarding Defendant's knowledge of filing of a false information return (Doc. 1, at ¶ 12–19, 31–32; Doc. 19-1), Tran established a substantive, sufficient basis for the relief requested and is thus entitled to an award of statutory damages under 26 U.S.C. § 7434(b). Accordingly, it is recommended that Tran be awarded $5,000.00 in statutory damages.

### IV.      Conclusion

For the foregoing reasons, and as explained above, it is hereby

RECOMMENDED:

1.  Tran's Motion for Default Judgment Against Defendants (Doc. 19) be
    GRANTED.

2.  A default judgment be entered against Defendants, jointly and severally, in the
    amount of $5,000.00 in statutory damages under 26 U.S.C. § 7434.

IT IS SO REPORTED in Tampa, Florida, on this 31st day of January, 2017.

ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:     Hon. Steven D. Merryday
        Counsel of Record