UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOM V. TRAN,

    Plaintiff,

v.                                                   CASE NO. 8:16-cv-1356-T-23AEP

NGOC TRAN, et al.,

    Defendants.
_____/

**ORDER**

Thom Tran sues (Doc. 1) Ngoc Tran and Don Pham for violating the FLSA, the Florida Deceptive and Unfair Trade Practices Act, and 26 U.S.C. § 7434 of the Internal Revenue Code.  On September 20, 2016, the clerk entered a default (Doc. 17) against the defendants, and the plaintiff moves (Doc. 19) for a default judgment on the Section 7434 claim.  Magistrate Judge Porcelli recommends (Doc. 21) granting the motion.

**DISCUSSION**

Section 7434(a) provides a cause of action against a "person [who] willfully files a fraudulent information return with respect to payments purported to be made to any other person," and Section 7434(b) permits damages for the greater of $5,000 or actual damages.  The plaintiff alleges that the defendants misclassified the plaintiff as an independent contractor rather than as an employee, which misclassification

resulted in the defendants' filing of a Form 1099 rather than a Form W-2.  (Doc. 1 at 2–3)  Incorrectly classified as an independent contractor, the plaintiff paid both his and his employer's share of FICA taxes.  (Doc. 1 at 3)  By defaulting, the defendants admit a well-pleaded fact but not a legal conclusion.  *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

With little or no analysis of Section 7434's text, several decisions hold that Section 7434 establishes liability for filing the wrong information-return form (that is, filing a Form 1099 rather than a Form W-2) even if the return accurately reports the money paid to the plaintiff.  *E.g.*, *Leon v. Tapas & Tintos, Inc.*, 51 F.Supp.3d 1290, 1298 (S.D. Fla. 2014) (Moreno, J.); *Seijo v. Casa Salsa, Inc.*, 2013 WL 6184969 at *7 (S.D. Fla. Nov. 25, 2013) (Scola, J.).  But as *Liverett v. Torres Advanced Enter. Sol. LLC*, 192 F.Supp.3d 648 (E.D.V.A. 2016) (Ellis, J.), explains persuasively, several clues in the text and statutory scheme compel the conclusion that liability under Section 7434 requires a misstatement of the amount of payment.

First, the interpretation of Section 7434 in *Leon* and *Seijo* renders superfluous the phrase "payments purported to be made."  *See Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837 (1988) (disfavoring an interpretation that produces surplusage).  If a plaintiff accepts as accurate the reported amount of payment but disputes his classification, the payment to the plaintiff is "actual" rather than "purported."  Congress's choice of the word "purported" suggests Congress's intent to bar the filer of an information return from attempting to inflate another person's

- 2 -

tax liability by reporting more income than actually received.[1]  *See Liverett*, 192 F.Supp.3d at 654 (explaining that Section 7434 seeks to resolve "a specific policy problem: malcontents who sometimes file fraudulent information returns reporting [a] large amount of income for judges, law enforcement officials, and others who have incurred their wrath") (internal quotation and citation omitted); *see also Angelopoulos v. Keystone Orthopedic Specialists, S.C., Wachn, LLC*, 2015 WL 2375225 (N.D. Ill. May 15, 2015) (Dow, J.) (holding that the plaintiff stated a claim under Section 7434 where the defendant "allegedly inflated [the p]laintiff's income by overstating [the plaintiff's] revenues, understating [the plaintiff's] expenses, and fabricating a variety of forgiven loans").

    Second, Section 7434(e) requires that an order awarding damages under Section 7434(a) find "the correct amount which should have been reported in the information return."  If the statute permits recovery for the mere misclassification of an employee and the consequent filing of a Form 1099 instead of a Form W-2, the judgment for the plaintiff must find the defendant liable for tax fraud and must acknowledge that the defendant accurately reported the plaintiff's income, a tortured result that Congress "[s]urely . . . did not intend." *Liverett*, 192 F.Supp.3d at 653 (explaining that the "obvious inference from [Section] 7434(e) is that Congress

---

[1] Civil and criminal provisions of the Internal Revenue Code directly punish the willful under-reporting of income. For example, Section 6663 imposes a penalty equal to 75% of the amount under-reported.

intended for the actionable frauds to stem only from misrepresentations [of] the amounts paid").

Third, Section 7434(f) incorporates the definition of an "information return" from 26 U.S.C. § 6724. Under Section 6724(d)(1)(A), an information return is "any statement of the amount of payments to another person required by" the Internal Revenue Code. Inserting that definition of "information return" into Section 7434(a) yields the following:

> If a person willfully files a fraudulent [statement of the amount of payments to another person] with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

In other words, the defining characteristic of an information return is the reporting of a payee's income. Whether innocent or deliberate, the payor's filing of the wrong form establishes no liability under Section 7434 unless the form willfully misstates the payee's income.

Although Section 7434 provides no remedy for a person incorrectly classified as an independent contractor, a "comprehensive regulatory scheme" permits recouping the portion of FICA taxes incorrectly paid. *See McDonald v. Southern Farm Bureau Life Ins. Co.*, 291 F.3d 718, 725–26 (11th Cir. 2002) (holding that FICA provides no private right of action and explaining the remedies available to an employee who incorrectly paid an employer's share of FICA taxes). First, the person can file a Form SS-8, which "allows the worker to obtain a determination from the IRS [] whether he is an employee or an independent contractor for tax purposes."

*McDonald*, 291 F.3d at 725.  Second, under 26 U.S.C. § 6511 the person can file an administrative claim for the refund of FICA taxes erroneously paid.  Third, if the administrative remedies afford no relief, under 28 U.S.C. § 1346(a)(1) the person can sue the United States for a tax refund.  Rather than Section 7434, the administrative scheme permits a person who erroneously paid the employer's share of FICA taxes to seek compensation.[2]

Even if filing a Form 1099 instead of a Form W-2 establishes liability under Section 7434, the plaintiff fails to show evidence of willfulness.  The plaintiff alleges that the defendants "knowingly filed a false form 1099."[3]  (Doc. 1 at 4)  But willfulness requires more than knowledge.  To prove wilfulness, the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute.  *See Cheek v. United States*, 498 U.S. 192, 201–02 (1991) (explaining "willfulness" in a tax-fraud action).  The plaintiff proffers no evidence about the defendants' understanding of the duty purportedly imposed by the Internal Revenue Code, evidence necessary to show a willful violation of Section 7434.

---

[2] Also, the Internal Revenue Code punishes an employer who misclassifies an employee as an independent contractor. For example, Section 6656 penalizes an employer who fails to promptly deposit taxes that the employer was obligated to withhold. *See In re Rasbury*, 130 B.R. 990 (N.D. Ala. 1991) (Wright, J.) (describing at length the IRS's imposition of a penalty against an employer who misclassified an employee as an independent contractor). And Section 6721 penalizes an employer for filing the wrong form.

[3] As noted above, by defaulting the defendants admit a well-pleaded fact but not a legal conclusion. *Nishimatsu*, 515 F.2d at 1206. The bald conclusion that the defendants "knowingly" submitted a Form 1099 instead of a Form W-2 is not admitted by default.

**CONCLUSION**

A "comprehensive administrative scheme" permits a person incorrectly classified as an independent contractor to recoup taxes that the employer was obligated by the Internal Revenue Code to pay on behalf of the person. Because an employer's filing of the wrong information-return form cannot establish liability under Section 7434 unless the form willfully misstates the amount of payment, count I of the complaint fails to state a claim and, consequently, the defendants' default fails to establish the plaintiff's right to a default judgment. The magistrate's recommendation (Doc. 21) is **DECLINED**, and the motion (Doc. 19) for a default judgment is **DENIED**.

ORDERED in Tampa, Florida, on March 7, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE